■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN T. FRYSON, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated January 19, 1965, reversed, on the law, without costs, and proceeding remitted to the court below for the purpose of: (1) holding a further hearing, (2) assigning counsel to represent relator on such hearing and (3) making a determination *de novo* on the basis of the proof adduced upon such hearing. No questions of fact were considered. It was error for the court below to have disregarded relator's request that he be assigned counsel to represent him (see *People* v. *Hughes,* 15 N Y 2d 172). Ughetta, Acting P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.

■ JANICE ROSENTHAL, an Infant, by Her Father and Natural Guardian, HAROLD ROSENTHAL, et al., Respondents, v. NICHOLAS A. MONASTRA, Appellant.— Order of the Supreme Court, Orange County, dated August 22, 1966, reversed and plaintiffs' motion for summary judgment denied, without costs. The infant plaintiff, 18 years of age at the time of the accident which is the basis of this action, was a passenger in a car owned and operated by defendant. The night was clear and the road dry. The car suddenly swerved off the road. There is no clear explanation in the papers on the motion as to how the accident occurred. In our opinion, it was an improvident exercise of discretion by the learned Special Term to grant plaintiffs' motion for summary judgment. The issue of negligence and any other relevant issues should be tried and determined by a jury (*Pfaffenbach* v. *White Plains Express Corp.,* 17 N Y 2d 132, and cases there cited). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.