█ MELITA NOTICE et al., Respondents, v REGENT HOTEL CORP., Defendant-Appellant and Third-Party Plaintiff. EMPIRE ELEVATOR Co., INC., Third-Party Defendant.—Order, Supreme Court, New York County, entered December 18, 1979, granting summary judgment in favor of plaintiffs against defendant-appellant Regent Hotel Corp. on the issue of liability, is unanimously affirmed, with costs. In general the doctrine of *res ipsa loquitur* merely gives rise to a permissible inference of negligence, and does not justify either a directed verdict or summary judgment. *(Foltis, Inc. v City of New York,* 287 NY 108.) But as the Court of Appeals pointed out in the *Foltis* case (p 121): "There may be cases where the *prima facie* proof is so convincing that the inference of negligence arising therefrom is inescapable if not rebutted by other evidence." (Accord *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38, 41.) In the present case, it appears without contradiction that the freight elevator which fell was operated at the time of the accident by an employee of defendant hotel; there was no evidence that anyone but defendant hotel maintained the elevator. Thus, quite apart from any notices of violations placed by the department of buildings, the inference of negligence on the part of the hotel in maintaining or operating the elevator in a safe condition became inescapable, in the absence of any evidence to the contrary. To submit the issue to a jury on that state of the record would merely invite the jury to base its verdict on speculation. If defendant had any evidence to rebut the inference of negligence, it was its duty to present that evidence and to lay bare its proofs. *(Di Sabato v Soffes,* 9 AD2d 297.) There was a complete failure by defendant to present any such contrary evidence. Concur—Sandler, J. P., Sullivan, Silverman and Carro, JJ.