■ MADELINE F. CEBULA et al., Individually and as Coadministratrices of the Estate of GARY W. GRANT, Deceased, Appellants, v CARRIE BONIME et al., Respondents. — In an action to recover damages for wrongful death, etc., plaintiffs appeal from an order of the Supreme Court, Queens County (Hyman, J.), dated May 18, 1982, which denied their motion for partial summary judgment on the issue of liability. Order reversed, on the law, with $50 costs and disbursements, motion granted and matter remitted to the Supreme Court, Queens County, for a trial on the issue of damages. In this action arising out of an automobile accident in which the mouths of the only eyewitnesses have been sealed by death, plaintiffs moved for partial summary judgment in reliance on the doctrine of *res ipsa loquitur,* having established that the vehicle in question left the paved surface of Bell Boulevard in Queens County at approximately 12:30 A.M. on the morning of April 17, 1979, mounted the center divider and collided with a tree. In opposition, the defendants submitted an attorney's affirmation which was wholly devoid of evidentiary matter, and which merely contained her conclusory observations regarding the possible existence of an unarticulated explanation of the accident which would negate the inference of negligence arising from the circumstances of its occurrence (see *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132). The foregoing was all that the defendants could offer despite the fact that the accident had occurred almost three years previously, and that the plaintiffs' motion was made almost 16 months after the joinder of issue and 18 months after the commencement of this action. Under these circumstances, we believe that the plaintiffs' motion for partial summary judgment should have been granted. The plaintiffs' proof, unrebutted by the defendants, is so convincing that the inference of negligence arising therefrom is inescapable (see *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38; see, also, *Notice v Regent Hotel Corp.,* 76 AD2d 820; *Derrell v Nassau County Med. Center,* 73 AD2d 682; *Richard Equip. Corp. v Manhattan Ind. Contr. Co.,* 9 AD2d 691; but see *Rosenthal v Monastra,* 27 AD2d 749). If the defendants were in possession of any evidence to rebut the inference, they were duty bound to present it in opposition to the plaintiffs'

motion (see *Notice v Regent Hotel Corp., supra; Di Sabato v Soffes,* 9 AD2d 297). Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.