■ ANGELINA CICIARELLI et al., Respondents, v AMES DEPARTMENT STORES, INC., Appellant.—Judgment unanimously affirmed with costs. Memorandum: Plaintiff was examining a display of yarn in defendant's self-service department store when several TV trays located on the top shelf of a display on the aisle behind her fell off the shelf, striking plaintiff in the back of the head and neck. Plaintiff commenced this action seeking damages for the personal injuries she suffered. The jury awarded plaintiff and her husband $63,480.

On appeal, defendant argues that the trial court erred in submitting the case to the jury on the alternate theory of res ipsa loquitur. Such submission is warranted when plaintiff establishes three necessary elements: (1) the event must be of a kind which would not ordinarily occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Corcoran v Banner Super Mkt.,* 19 NY2d 425, *mot to amend remittitur granted* 21 NY2d 793; Prosser and Keeton, Torts § 39, at 244 [5th ed]).

The fact that plaintiff did not plead res ipsa loquitur and relied upon specific acts of negligence did not preclude its application *(see, Abbott v Page Airways,* 23 NY2d 502, 511-512).

We find that the facts adduced at the trial sufficiently established the requisite elements to warrant a jury instruction on res ipsa loquitur. The TV tray was part of a display and not a sale item. The unexplained fall of the TV tray required the defendant to come forward with an explanation as to its cause *(Neuhoff v Retlaw Realty Corp.,* 289 NY 293). This it failed to do. Defendant's argument that it did not have exclusive control because other customers had access to the tray display is unavailing. There is no direct proof in the record of third parties tampering with the display and the location of the display, five feet above floor level, belies defendant's contention. We conclude that it is unlikely that the accident was caused by the negligence of a third party and that it is more probable that it was caused by defendant's negligence *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, *supra).* We find no merit to defendant's remaining contention that the court erred in denying its motion to dismiss plaintiffs' complaint at the close of plaintiffs' case and at the close of the evidence. The inference of negligence to be drawn from the happening of the accident is sufficient to create a prima facie case *(see, George Foltis, Inc. v City of New York,* 287 NY 108). (Appeal from judgment of Supreme Court, Onondaga County, Auser, J.—negligence.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.