■ ALICE SACHELLARIDOU, Respondent, v TAP ELECTRIC, INC., et al., Defendants, and ACES MECHANICAL, INC., Appellant. (And a Third-Party Action.)—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered February 12, 1992, which, *inter alia,* denied defendant Aces Mechanical, Inc.'s motion to reargue and renew plaintiff's motion for a default judgment, previously granted by order dated April 24, 1991, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the motion granted and, upon reargument and renewal, plaintiff's motion for a default judgment denied and the matter remanded for a traverse hearing as to whether service of process was proper.

On reargument and renewal, it was an abuse of discretion not to consider the affidavit of the vice-president of Aces Mechanical, Inc., the moving defendant, during the period in question, on the ground that "this is information that could have been available to [Aces] on the prior motion." This rejected affidavit set forth a meritorious defense to the action, that is, that, contrary to the allegations of the complaint, Aces never serviced or maintained the cooling system at issue. On the original motion, the same defense was offered but rejected because it was tendered in an affirmation from the attorney for Aces at the time the underlying events were transpiring in 1986. At the time this action was commenced in 1989, Aces had become defunct and, as counsel now alleges, none of Aces' officers could be found. Thus, Aces submitted the affidavit of its former attorney who was, indeed, knowledgeable as to the facts relating to Aces' participation in this particular project. Only after this affirmation was rejected and a default judgment granted was Aces' former vice-president, whose whereabouts were unknown at the time of the original motion, located. In such circumstances, the subsequently tendered affidavit of Aces' vice-president, which set forth a meritorious defense, should have been accepted *(see, Morales v City of New York,* 172 AD2d 430).

Since Aces also submitted, as it did on the original motion, evidentiary support for its excuse for the default, i.e., lack of proper service, a default judgment should not have been granted. The delay in answering was not lengthy and there is no claim of prejudice to plaintiff. Since there is a question of fact as to whether service was proper, we remand for a

traverse hearing as to that issue. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.