■ Cynthia S. Smith, Formerly Known as Cynthia S. Smithson, Respondent, v Theodora P. Moore, as Administrator of the Estate of Leslie J. Strobeck, Sr., Deceased, Appellant. [642 NYS2d 393] —Cardona, P. J. Appeal from an order of the Supreme Court (Ingraham, J.), entered June 22, 1995 in Otsego County, which, *inter alia*, granted plaintiff's cross motion for summary judgment on the issue of liability.

On March 31, 1993, plaintiff was driving her motor vehicle west on State Route 7 in the Town of Otego, Otsego County, and at the same time a truck owned and driven by Leslie J. Strobeck, Sr. was headed east in the opposite lane. The cap

able. Accordingly, the sole issue on appeal is the applicability of the "homeowners exemption" afforded by Labor Law § 240 (1).

covering the truckbed of Strobeck's vehicle flew off and struck plaintiff's car, allegedly causing serious injuries to plaintiff. Plaintiff commenced this action against Strobeck, who has died, and is now represented by the administrator of his estate. After discovery, both sides moved for summary judgment. Supreme Court awarded partial summary judgment to plaintiff on the issue of liability on the ground of res ipsa loquitur. Defendant appeals.

We affirm. The theory of res ipsa loquitur applies where a plaintiff shows that (1) the event does not usually occur in the absence of negligence, (2) the instrumentality that caused the event was within the exclusive control of the defendant, and (3) the plaintiff did not contribute to the cause of the accident (*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226; *Ladd v Hudson Val. Ambulance Servs.*, 142 AD2d 17, 20-21). It is true that negligence cases do not usually lend themselves to summary judgment (*see, Ugarriza v Schmieder*, 46 NY2d 471, 474) and, in general, the doctrine of res ipsa loquitur merely gives rise to a permissible inference of negligence and does not justify summary judgment (*see, George Foltis, Inc. v City of New York*, 287 NY 108; *Notice v Regent Hotel Corp.*, 76 AD2d 820). However, even in negligence cases, summary judgment must be granted where the plaintiff's prima facie proof is so convincing that the inference of negligence is inescapable if not rebutted by other evidence (*see, Horowitz v Kevah Konner, Inc.*, 67 AD2d 38). Summary judgment has been granted in certain res ipsa loquitur cases where the defendant has totally failed to rebut the inescapable inference of negligence (*see, e.g., supra*).

In the present case, there is no dispute that the cap that hit plaintiff's vehicle came from Strobeck's truck which Strobeck was driving at the time of the incident and there was no evidence that anyone but Strobeck maintained the vehicle. Plaintiff submitted an affidavit of Andrew Timmerman, who sells, installs and services caps and who opined that caps should be frequently inspected and that a visual inspection would indicate whether any of the affixing units were loose. Timmerman further stated that a cap would not inadvertently come free if it had been adequately inspected and secured in an approved manner. In addition, there was no evidence that plaintiff contributed in any way to causing the accident. Given this proof, the inference of negligence on defendant's part "became inescapable, in the absence of any evidence to the contrary" (*Notice v Regent Hotel Corp., supra*, at 820; *see also, Cebula v Bonime*, 92 AD2d 856; *Pretto v Leiwant*, 80 AD2d

579). Defendant was obliged to assemble and lay bare proof sufficient to rebut the inference of negligence, which she failed to do (*see, Notice v Regent Hotel Corp., supra*).

We reject defendant's contention that plaintiff was required to prove that Strobeck had actual or constructive notice of the defective fastening of the truck cap. Notice has not been determined to be a prerequisite in res ipsa loquitur cases, where, as here, it was Strobeck's duty to maintain and inspect the instrumentality and he had exclusive control over it (*see, e.g., Notice v Regent Hotel Corp., supra; see also, Dillenberger v 74 Fifth Ave. Owners Corp.*, 155 AD2d 327).

Supreme Court properly awarded summary judgment in plaintiff's favor on the issue of liability. We have examined defendant's remaining arguments and find them unpersuasive.

Crew III, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.