■ RITA VITIELLO, Respondent, v MAYRICH CONSTRUCTION CORP., Appellant. (And a Third-Party Action.) [680 NYS2d 482] —Judgment, Supreme Court, Bronx County (George Friedman, J.), entered June 16, 1997, awarding plaintiff damages in the principal amounts of $978,412 for past pain and suffering and $1,050,000 for future pain and suffering, and bringing up for review prior orders of the same court (Luis Gonzalez, J.), entered on or about June 19, 1996 and July 10, 1996, and (Howard Silver, J.), entered September 26, 1996, which respectively granted on default plaintiff's motion for summary judgment on the issue of liability, denied defendant's motion to vacate that default, and severed defendant's third-party action, reversed, on the law, without costs, plaintiff's motion for summary judgment denied, the default judgment vacated, and the directive of severance deleted, and the matter remanded for further proceedings.

Plaintiff commenced this action to recover for severe injuries to her left arm and hand, sustained when she was run over by a truck owned by defendant and operated by defendant's employee, who was also plaintiff's husband. The action is premised solely on plaintiff's husband's alleged negligence and defendant's liability for it under Vehicle and Traffic Law § 388; neither party has suggested that the truck was defective or negligently maintained.

Plaintiff alleged that at about 6:00 A.M. on January 20, 1993, while carrying garbage cans out to the street, she tripped and fell over a protruding gas cap located at the base of the driveway to her home. Meanwhile, her husband was seated behind the wheel of the truck with the engine running. Plaintiff called out to him for help because she was unable to rise. (It was later determined that she had fractured her hip when she fell.) He ran to help her and then ran into the house to call for medical assistance. Plaintiff was still lying in the driveway behind the unattended truck. While her husband was in the house, the truck rolled backwards down the incline of the driveway and ran over plaintiff, crushing and permanently disfiguring her left arm and hand, as well as inflicting other serious injuries.

Plaintiff's submissions on liability contained conflicting accounts of how the accident occurred. In her complaint, she simply alleged negligent operation of the vehicle without specifying any negligent acts. Her bill of particulars first stated that "the incident complained of occurred * * * when defen-

dant's vehicle, *which was off and in the park position*, rolled backwards striking plaintiff" (emphasis added), but the very next sentence claimed that the operator of the truck "was negligent * * * in leaving the vehicle unattended *while it was running and out of the park position*" (emphasis added).

Furthermore, at her deposition, plaintiff said that she could not be sure whether her husband left the vehicle running when he went inside, nor did she have any way of knowing what gear it was in or whether the parking brake was on. She also said at one point that her husband told her he had turned the engine off before going into the house, so that the fumes would not bother her as she lay on the ground behind the truck. As plaintiff waived the right to depose defendant, no deposition was taken of the only other person with knowledge of the facts, namely plaintiff's husband.

Plaintiff moved for partial summary judgment on liability, which was granted "on default," even though defendant actually appeared and served opposition papers. While maintaining that it had never been in default, defendant moved to vacate the default judgment, since this was the only procedure it could use to challenge the court's ruling (CPLR 5015). The motion court refused to vacate the default because defendant had failed to support its motion with an affidavit by someone with personal knowledge of the facts surrounding the accident. (Significantly, the only person with such knowledge was plaintiff's husband.) Defendant's third-party action against plaintiff's husband for contribution was severed, and plaintiff's claim for damages went to a jury, which awarded her the sums stated above. At the inquest, defendant was precluded from indicating that the driver of the vehicle in question was plaintiff's husband.

The motion court erred in granting partial summary judgment to plaintiff. To begin with, defendant could not have been in default because it appeared in opposition to plaintiff's motion (CPLR 3215 [a]). On the motion to vacate the so-called default, the court erroneously held defendant to a higher burden than it had faced on the original summary judgment motion: defendant now had to show not just a triable issue of fact, but a meritorious defense (*Sachellaridou v Tap Elec.*, 188 AD2d 427), through the testimony or affidavit of plaintiff's husband.

Moreover, even under the proper standard, summary judgment should have been denied because plaintiff did not present a prima facie case of entitlement to judgment as a matter of law. The motion must be denied if the moving party fails to

make such a showing, regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). As indicated above, plaintiff's descriptions of how the accident occurred contradicted each other in essential particulars. It is also curious that if the truck rolled down the hill because the parking brake was not set, it did not roll down right away, but rather remained motionless during the time it took plaintiff's husband to run to her side and then return to the house. In short, issues of fact and credibility were raised by plaintiff's own submissions, precluding a grant of summary judgment (*Aetna Cas. & Sur. Co. v Island Transp. Corp.*, 233 AD2d 157, 158).

Summary judgment should not be granted when the facts on which the motion is predicated are exclusively within the moving party's knowledge (*Antunes v 950 Park Ave. Corp.*, 149 AD2d 332, 333). This rule is especially appropriate here because the person on whose acts the defendant's liability is based has a close personal and financial relationship with the plaintiff. Since the plaintiff and the defendant's employee are united in interest by virtue of their marital relationship, the court should not presume that the facts as described in her affidavit are true (*Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 262). Particularly in light of this danger of collusion, defendant is entitled to have a jury hear its challenges to the credibility of the persons with exclusive knowledge of the circumstances of the accident (*supra*, at 263).

The dissent would have granted summary judgment under a res ipsa loquitur theory because there is supposedly no explanation for the accident other than the driver's negligence (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219). This argument would be more convincing if the driver of the truck were an ordinary employee with no motive to collude in plaintiff's story of how the accident occurred. Here, moreover, plaintiff's story is "uncontroverted" (as the dissent puts it) only because she chose not to depose the only other person with knowledge of the facts and thereafter moved for summary judgment, thus halting the discovery process before defendant could depose plaintiff's husband.

Since we conclude that triable issues exist as to how the accident took place and whether the persons involved acted reasonably (*Rennie v Barbarosa Transp.*, 151 AD2d 379), the severance of the third-party action should also be vacated, because the determination of liability in both actions depends on clarification of the same facts surrounding the accident (*Dolce v Jones*, 145 AD2d 594), specifically the condition in which

plaintiff's husband left the truck and whether he acted reasonably. Concur—Sullivan, J. P., Rosenberger and Williams, JJ.

Rubin and Mazzarelli, JJ., dissent in a memorandum by Mazzarelli, J., as follows: I agree with the majority that the motion court improperly granted plaintiff's motion "on default," as the record establishes that defendant's opposition papers were before the court prior to its determination. However, because I believe the plaintiff established her entitlement to partial summary judgment on liability, and the alleged errors during the damages trial do not warrant reversal, I would affirm the judgment.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issue of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *see also, Zuckerman v City of New York*, 49 NY2d 557, 562). While it is true that negligence cases ordinarily do not lend themselves to summary disposition (*see, Ugarriza v Schmieder*, 46 NY2d 471, 474; *Andre v Pomeroy*, 35 NY2d 361), summary judgment is available when the uncontested facts are such that "no conclusion other than negligence can be drawn" (*Ugarriza v Schmieder, supra*, at 475). I believe that this is such a case.

In support of her motion for summary judgment, plaintiff attached her own affidavit, the verified complaint and bill of particulars and a copy of her deposition testimony. Collectively, this evidence showed that immediately prior to the accident, plaintiff's husband had exclusive control over the Bronco truck, that for some time the engine had been running, that her husband left the truck and came to assist her after she had tripped, and that after he left the vehicle it rolled back onto plaintiff injuring her. Based on these facts, plaintiff's attorney argued that "there is no other explanation for the vehicle rolling backwards other than the negligence of the driver in failing to properly set the vehicle parking brake and/or placing the gear shift lever in park." In short, plaintiff alleges that her injuries were caused by the careless and negligent operation of the truck by her husband, defendant's employee.

In my view, these uncontroverted facts constitute a prima facie showing of negligence as a matter of law, thereby fulfilling plaintiff's burden on the motion. The doctrine of res ipsa loquitur is directly applicable here, since this event would not ordinarily occur in the absence of negligence, the instrumentality causing the event was within the exclusive control of the defendant (or its agent) and the plaintiff was not negligent

(*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219; *Smith v Moore*, 227 AD2d 854). Although, as a general rule, the doctrine of res ipsa loquitur merely gives rise to a permissible inference of negligence and will not, by itself, justify summary judgment (*see, Smith v Moore, supra*; *George Foltis, Inc. v City of New York*, 287 NY 108; *Notice v Regent Hotel Corp.*, 76 AD2d 820), "even in negligence cases, summary judgment must be granted where the plaintiff's prima facie proof is so convincing that the inference of negligence is inescapable if not rebutted by other evidence (*see, Horowitz v Kevah Konner, Inc.* 67 AD2d 38)." (*Smith v Moore, supra*, at 855.) Here, the undisputed facts convincingly demonstrate that the driver was negligent in failing to secure the truck. Indeed, it is nearly impossible to consider these facts and draw any other conclusion (*see, Flood v Travelers Vil. Garage*, 66 AD2d 726). The contradictions in plaintiff's bill of particulars, noted by the majority, appear to be a typographical error, and, in any event, suggest only that the particular form of negligence, not the presence of negligence itself, is truly at issue.

Once the movant has met its burden, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*Zuckerman v City of New York, supra*, at p 562)." (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324.) Despite several opportunities, defendant has failed to satisfy this obligation. In response to plaintiff's initial motion for partial summary judgment, defendant submitted an attorney's affirmation stating that the deposition of the driver "may in fact lead to an explanation for the accident," and alleging that plaintiff's deposition testimony raised an issue of fact as to plaintiff's comparative negligence. No affidavit from the driver was submitted and no other facts presented, leaving only hope and speculation as defendant's basis for its opposition. Further, no explanation was forthcoming as to these omissions. Although the majority accuses the plaintiff of "halting" the discovery process by moving for summary judgment before her husband could be deposed, this criticism is misdirected. It was defense counsel's lackadaisical approach, in failing to timely implead plaintiff's husband and in failing to take his deposition, that prevented defendant from acquiring knowledge of the key facts said by the majority to be within the plaintiff's exclusive control. Contrary to the majority's suggestion, the fact that the driver was also plaintiff's husband did not excuse defendant's evidentiary burden in opposing the motion.

Even when defendant, by new counsel, moved to vacate the

"default," it again failed to submit any admissible evidence bearing on the question of whether the driver's actions constituted negligence. Defendant submitted an *unsworn* 1993 statement, purportedly made by the driver-husband, essentially stating that he did not remember in what gear he left the truck when he got out to assist his wife. Thus, even if the husband's unsworn statement were to be considered, it does not negate plaintiff's prima facie showing, since his lack of memory concerning his actions cannot be equated with *evidence* raising an issue of fact that he was *not* negligent.

Defendant's remaining arguments do not establish any material issues of fact. Despite its allegations of comparative negligence, it is clear that plaintiff's fall over the protruding gas cap was a totally separate accident (albeit close in time), and, as such, may not be considered a "cause in fact" of plaintiff's injuries caused by the vehicle (*cf., Clark v State of New York*, 124 AD2d 879). Additionally, defendant's argument that the emergency doctrine raises an issue of fact as to whether the husband's conduct in leaving the unattended vehicle to attend to his injured wife was reasonable (*see, Rivera v New York City Tr. Auth.*, 77 NY2d 322) was not raised before the motion court, and is not properly before this Court. The collusion theory advanced by the majority is unsupported by any evidentiary facts (*cf., Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252), and is, indeed, far-fetched.

Accordingly, as defendant failed to lay bare its proof to rebut the inescapable inference of negligence, or explain why it could not offer such proof, plaintiff's motion for partial summary judgment was properly granted.

With respect to the damages trial, defendant raises several additional points on appeal. The court properly precluded any mention that plaintiff's husband was the driver of the truck as irrelevant and potentially distracting to the jury (*see, White v Molinari*, 160 AD2d 302, 303). Although recognizing that such evidence might conceivably be relevant to plaintiff's claimed psychological injuries, it was an appropriate exercise of discretion to exclude it in the absence of an offer of expert proof on the subject. Defense counsel never made such an offer. The photographs of plaintiff's severely injured and deformed arm were properly admitted as relevant to the issue of plaintiff's injuries and her pain and suffering (*see, Rivera v City of New York*, 160 AD2d 985). Further, the court properly permitted plaintiff to amend her bill of particulars to include a carpal tunnel syndrome injury that developed in her right arm subsequent to the accident (CPLR 3025 [c]). Defendant's claim

of prejudice is unpersuasive, as it never requested a medical examination with respect to plaintiff's primary injuries, and never sought a continuance to have an examination performed regarding the carpal tunnel injury. Nor was it an abuse of discretion to postpone the cross-examination of plaintiff until after both a surgeon and psychiatrist had testified. Lastly, in light of plaintiff's traumatic and permanent injuries, the damages verdict does not deviate materially from what is reasonable compensation under the circumstances. (CPLR 5501 [c].)

Finally, the court properly exercised its discretion in severing the third-party action, filed almost three years after the main action was commenced, since it would have unduly delayed the main action, thereby prejudicing plaintiff's rights (*see*, CPLR 1010).