■ ROSANNE HARMON, Respondent, v UNITED STATES SHOE CORP., Doing Business as PETITE SOPHISTICATE SHOP, Appellant. [692 NYS2d 566] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's motion for partial summary judgment on liability based on the doctrine of res ipsa loquitur and denied defendant's cross motion for summary judgment dismissing the complaint. While browsing through clothing at defendant's store, plaintiff was injured when the bar on which the clothing hung became dislodged from the wall. Plaintiff met her initial burden by establishing that the event would not ordinarily occur in the absence of someone's negligence; that the bar was within the exclusive control of defendant; and that the event was not due to any voluntary action or contribution by plaintiff (*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227; *Ciciarelli v Ames Dept. Stores*, 162 AD2d 996, 997, *lv denied* 77 NY2d 805). Summary judgment is properly granted in a res ipsa loquitur case where, as here, "defendant has totally failed to rebut the inescapable inference of negligence" (*Smith v Moore*, 227 AD2d 854, 855). Defendant contends that the element of exclusive control was not established because customers had access to the bar. That conclusory contention is insufficient to raise a material issue of fact because defendant submitted no proof that third parties tampered with the bar (*see, Ciciarelli v Ames Dept. Stores, supra,* at 997). Moreover, " 'the cause of the [incident] was probably "such that the defendant would be responsible for any negligence connected with it" ' " (*Dermatossian v New York City Tr. Auth., supra,* at 227). Nor did defendant submit any evidence that plaintiff contributed in any way to causing the incident (*see, Smith v Moore, supra,* at 855).

Finally, in support of its cross motion, defendant contends that plaintiff failed to establish that it had actual or constructive notice of any defect in the bar. Such notice is not required in res ipsa loquitur cases (*see, Smith v Moore, supra,* at 856), and thus the cross motion was properly denied. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.