(February 7, 2002)

■ RAMON MEJIA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [737 NYS2d 350] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about June 27, 2001, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on the issue of liability, unanimously modified, on the law, the complaint reinstated to the extent that it states a cause of action under the doctrine of res ipsa loquitur, and otherwise affirmed, without costs.

Plaintiff Ramon Mejia was standing on a subway platform at the Times Square station awaiting the shuttle train when he was struck on the head by a falling object which allegedly caused him to fall to the platform and sustain injury. Plaintiff, as he received assistance from an unknown individual, purportedly observed a one-foot square piece of concrete on the floor as well as other, smaller pieces of rock or concrete scattered about the area. Plaintiff also claims that after the accident, he noticed what appeared to be an opening in the ceiling, although he did not know the condition of the ceiling prior to being struck. The New York City Police Department Aided Report states, inter alia, that an inspection of the area revealed that a "piece of plaster found was approximately four inches."

Plaintiffs commenced the within action by the service of a summons and verified complaint which sought recovery from defendant New York City Transit Authority (the Transit Authority) under the theories of common-law negligence and res ipsa loquitur. The motion court, after defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on the issue of liability, issued a three-sentence order, which dismissed the complaint in its entirety on the ground that "there is no proof that defendant had any notice of this condition."

With regard to plaintiffs' claim sounding in negligence, it is well established that a landowner is under a duty to maintain its property in a reasonably safe condition under the existing

circumstances, which include the likelihood of injury to a third party, the potential that such an injury would be of a serious nature, and the burden of avoiding the risk (*Basso v Miller*, 40 NY2d 233, 241; *Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 141-142). In order to recover damages for an alleged breach of this duty, the claimant must demonstrate that the landlord created, or had actual or constructive notice, of the hazardous condition which precipitated the injury (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Leo v Mt. St. Michael Academy*, 272 AD2d 145, 145-146; *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107). In order to constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit the owner, or its employees, to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *O'Connor-Miele v Barhite & Holzinger*, *supra* at 106; *Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 403).

In the present matter, plaintiffs have failed to submit any proof that defendant created, or had actual notice of, the alleged defective condition. Moreover, plaintiffs also failed to demonstrate that defendant had constructive notice as there is no evidence regarding how the alleged condition came into existence, how visible and apparent it was, and for how long a period of time it existed prior to the accident (*Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404; *O'Rourke v Williamson, Picket, Gross*, 260 AD2d 260, 261). Accordingly, the first cause of action was properly dismissed.

We disagree, however, with defendant's contention, and the motion court's apparent conclusion, that plaintiffs' second cause of action, which proceeds under the theory of res ipsa loquitur, must also be dismissed for lack of notice. In *Dittiger v Isal Realty Corp.* (290 NY 492), the Court of Appeals concluded that res ipsa loquitur was applicable in a case involving a falling ceiling in a vacant apartment, which injured a painter, despite the fact that "[t]here was no testimony from either party as to the cause of the descent of the plaster and no showing of any prior actual or constructive notice to defendant, of any defect" (*id.* at 494, *see also, Harmon v United States Shoe Corp.*, 262 AD2d 1010, 1011; *Smith v Moore*, 227 AD2d 854, 856; *Flowers v Delta Airlines, Inc.*, 2001 WL 1590511, 2001 US Dist LEXIS 19878 [ED NY, Nov. 7, 2001]). We must, therefore, now consider whether the doctrine of res ipsa loquitur applies to the facts presented herein.

In *St. Paul Fire & Mar. Ins. Co. v City of New York* (907 F2d 299), the Second Circuit opined that res ipsa loquitur "is an

often confused and often misused doctrine that enables a jury presented only with circumstantial evidence to infer negligence simply from the fact that an event happened [and that] [s]ince the time it was crafted by Baron Pollock in *Byrne v. Boadle*, 2 H. & C. 722 * * * (1863), in which a now-legendary barrel of flour rolled out of a window, its use has expanded to cover a myriad of accidents and incidents." (*Id.* at 302.) Res ipsa loquitur does not create a presumption in favor of plaintiff, but instead permits the inference of negligence to be drawn from the circumstances of the occurrence. The doctrine creates a prima facie case of negligence sufficient for submission to a jury, and the jury may, but is not required to, draw the permissible inference (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226; *see also, George Foltis, Inc. v City of New York*, 287 NY 108).

The submission of a case to a jury on the theory of res ipsa loquitur is warranted when the plaintiff can establish the following elements: (1) the accident is of a type that does not occur in the absence of negligence; (2) it must have been caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (*Dermatossian v New York City Tr. Auth.*, *supra* at 226; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494; *Pavon v Rudin*, 254 AD2d 143, 145).

Here, the first and third elements have been sufficiently established since the occurrence was clearly not due to any voluntary action or contribution on the part of plaintiff, and since falling plaster from a ceiling has been held to be the sort of incident suitable for the application of the doctrine (*see, Dittiger v Isal Realty Corp.*, *supra*; *Kaplan v New Floridian Diner*, 245 AD2d 548).

With regard to the second of the three elements, exclusive control, the courts "do not 'generally apply this requirement as it is literally stated' * * * or as a fixed, mechanical or rigid rule * * *" (*Dermatossian v New York City Tr. Auth.*, *supra* at 227, quoting 2 Harper and James, Torts § 19.7, at 1086). Rather, its purpose is to confine the application of the doctrine to those situations where it is more likely than not that defendant caused the accident (*Dermatossian v New York City Tr. Auth.*, *supra* at 227-228; *Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, 327, *lv denied* 94 NY2d 754; *Nesbit v New York City Tr. Auth.*, 170 AD2d 92, 98).

In this case, defendant has failed to refute plaintiffs' contention that it had exclusive control of the area where the ac-

cident occurred. Accordingly, we remand the matter to the Supreme Court for further proceedings on that part of the complaint asserting a cause of action for negligence under the doctrine of res ipsa loquitur. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Wallach and Marlow, JJ.