■ SCHENECTADY STEEL COMPANY, INC., et al., Plaintiffs, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendants. FLEET BANK, Third-Party Defendant-Appellant-Respondent. [752 NYS2d 161] —Carpinello, J. Cross appeals from an order of the Supreme Court (Reilly, Jr., J.), entered April 12, 2001 in Schenectady County, which, inter alia, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

This case involves an all too common defalcation, i.e., the diversion of checks from the intended recipient and subsequent forgery of the payee's indorsement. Here, plaintiffs allege that defendants Richard McCabe, Kathryn McCabe, McCabe, Carey & Associates, Inc. and MCA Administration (hereinafter the McCabe defendants) received checks drawn by plaintiff Schenectady Steel Company, Inc. payable to defendant Guardian Life Insurance Company of America for life insurance premiums totaling $43,825 and converted same, failing to remit any portion of the proceeds to Guardian. Plaintiffs further allege that the McCabe defendants were duly authorized representa-

tives and/or agents of Guardian such that Guardian is liable to them for the converted funds. Guardian, in turn, filed a third-party action against third-party defendant, Fleet Bank, which accepted the checks for deposit bearing the forged indorsement of Guardian.

Fleet moved to dismiss the third-party complaint by relying on the well-settled rule that, in order for a payee, such as Guardian, to have a cognizable claim against a depositary bank, like itself, the payee must have had actual or constructive possession of the check (*see State of New York v Barclays Bank of N.Y.*, 76 NY2d 533). Specifically, Fleet argued that since Guardian denied any agency relationship between itself and the McCabe defendants in its answer, it is precluded from arguing to the contrary in the third-party action. Thus, the argument continued, since Guardian cannot establish that the McCabe defendants were its agents for the purpose of establishing constructive possession of the checks, Guardian cannot maintain a viable claim against Fleet. Supreme Court rejected this argument finding a question of fact as to whether there was an agency relationship between the McCabe defendants and Guardian. Our review of the record confirms the existence of such a material question of fact.

In support of its argument that no agency relationship can be found, Fleet submitted portions of testimony from the pretrial depositions of two Guardian employees wherein each denied any agency relationship between *Richard* McCabe and Guardian. This testimony is not entirely determinative, however, because plaintiffs alleged an agency relationship with all of the McCabe defendants, not just Richard McCabe. They specifically alleged in their complaint that "Guardian had a general agency agreement with *Kathryn* McCabe" (emphasis added). Indeed, one of these employees acknowledged that *Kathryn* McCabe earned commissions from Guardian. In short, reviewing Fleet's own moving papers, the exact relationship between all of the McCabe defendants and Guardian remains unclear. Since these papers themselves establish a question of fact as to whether any of the McCabe defendants was an agent of Guardian such that their receipt of the checks could constitute constructive receipt by Guardian, Fleet failed to meet its initial burden as the proponent of summary judgment (*see Vitiello v Mayrich Constr. Corp.*, 255 AD2d 182, 183-184).

Nor do we agree that Guardian's denial of any agency relationship between it and the McCabe defendants in its answer should estop it from asserting to the contrary in the third-party action. Inherent in third-party practice is a defendant's

ability to deny liability to a plaintiff but also to alternatively argue that, if liability is found, then the third-party defendant is liable to it (*see Cohen Agency v Perlman Agency*, 51 NY2d 358, 366). Indeed, it has been noted that third-party complaints are entitled to be liberally construed in light of the third-party plaintiff's difficult tactical position of having to defend one action while simultaneously prosecuting another (*see* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 1010.02). Here, plaintiffs' complaint alleged an agency relationship between the McCabe defendants and Guardian. Guardian should be permitted to defend the main action by denying such a relationship but, if plaintiffs prevail, then it should be permitted to rely on such relationship to establish its third-party claim against Fleet. To hold otherwise would defeat the purpose of third-party practice.

We do, however, agree with Fleet's contention that the extent of its liability is presumed to be the face amount of the subject checks (*see* UCC 3-419 [2]). Since Guardian failed to respond to that aspect of Fleet's motion seeking such limitation on damages, it should have been granted. Lastly, we find no error in Supreme Court's denial of Guardian's cross motion for leave to amend its third-party complaint to assert an additional cause of action for conversion. Supreme Court properly read the third-party complaint to state such a cause of action under the Uniform Commercial Code, thus rendering the cross motion academic.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting so much of third-party defendant's motion for summary judgment as sought to limit its potential liability to $43,825 plus interest, and, as so modified, affirmed.