■ IRMA PEREZ, as Administratrix of the Estate of JUAN YANES, Deceased, Respondent, v 2305 UNIVERSITY AVENUE, LLC, Appellant. [911 NYS2d 38]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered April 14, 2010, which, in an action for personal injuries allegedly sustained by plaintiff's decedent when the ceiling in his bedroom collapsed and fell on him, denied defendant building owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant's motion was based largely on the deposition testimony of its superintendent and building manager denying that the decedent or his daughter, plaintiff herein, had ever complained about the ceilings or walls in the decedent's apartment before the incident, and also denying that repairs had ever been performed in the apartment relating to the ceiling and walls, including repairs necessitated by water damage. Although defendant's motion acknowledged contradictory portions of plaintiff's deposition asserting previous instances of collapsing ceilings and water damage and repeated complaints to the superintendent and management made by both herself and her father, defendant challenged this testimony as insufficiently specific with respect to both the subject and timing of the

complaints, and as irrelevant to the issue of whether it had notice of the particular alleged dangerous condition in the bedroom ceiling. We reject that challenge. The initial burden of demonstrating the absence of triable issues of fact was on defendant, the movant (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]), which offered no logs, work orders or other business records in support of what were essentially conclusory denials of any notice of any dangerous conditions in any portions of the apartment, in the face of evidence tending to the contrary. Such evidence included admissions by defendant's witnesses of prior knowledge of water leaks in the building and of the unlawful use of a washing machine by the tenant in the apartment above the decedent's, raising an issue, unaddressed in defendant's moving papers, whether defendant had breached a duty to inspect areas of potential damage (*see Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 501 [2007], *lv denied* 9 NY3d 809 [2007]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.