■ MIGDALIA NEGRONI, Respondent, v LANGSAM PROPERTY SERVICES CORP. et al., Respondents-Appellants/Third-Party Plaintiffs-Respondents-Appellants. A&G PLASTERING AND TILE CORP., Third-Party Defendant-Appellant-Respondent. [3 NYS3d 13]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered February 14, 2013, which, inter alia, denied the motion of defendants/third-party plaintiffs for summary judgment dismissing the complaint, and denied the motion of third-party defendant A&G Plastering and Tile Corp. (A&G) for summary judgment dismissing the complaint and the third-party complaint, unanimously modified, on the law, to grant A&G's motion to the extent it seeks dismissal of the contractual indemnification cause of action in the third-party complaint, and otherwise affirmed, without costs.

Defendants did not establish entitlement to judgment as a matter of law in this action where plaintiff was injured when the kitchen ceiling in her apartment collapsed. Defendants failed to submit sufficient evidence showing that they neither created nor had actual or constructive notice of the dangerous condition (*see e.g. Best v 1482 Montgomery Estates, LLC*, 114 AD3d 555 [1st Dept 2014]; *Lisbey v Pel Park Realty*, 99 AD3d 637 [1st Dept 2012]; *Perez v 2305 Univ. Ave., LLC*, 78 AD3d 462 [1st Dept 2010]).

The record shows that the same portion of the ceiling had col-

lapsed the previous year and defendants failed to address the allegations that the ceiling had been negligently repaired and that defendants failed to properly inspect the site to ensure its structural integrity, thus causing or contributing to the second collapse, which injured plaintiff. Indeed, defendants' evidence concerning the work performed consisted merely of invoices for plastering and sheetrock repair. The record further demonstrates that there were leaks in two of the apartments directly above plaintiff's apartment less than two months before the subject accident, that the superintendent's inspection several weeks earlier revealed bubbling paint on the wall abutting plaintiff's kitchen, and that he noted a concealed leak.

As no opposition has been submitted to A&G's challenge on appeal to the denial of that part of its motion seeking dismissal of the contractual indemnification cause of action in the third-party complaint, the order is modified to the extent indicated. Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.