ENID GRIFFITHS et al., Respondents, v THE DURST ORGANIZATION INC. et al., Respondents, and NOUVEAU ELEVATOR, Appellant. [39 NYS3d 458]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 24, 2015, which, to the extent appealed from as limited by the briefs, denied defendant Nouveau Elevator's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that she was injured when an elevator in which she was riding suddenly descended. Plaintiff testified that after the elevator's doors closed on the 40th floor, it started "dropping fast and shaking violently" until it came to an abrupt stop on the 29th floor, making a loud noise, as though a bomb had gone off. There is significant evidence showing that a similar accident occurred 12 days earlier involving the same elevator.

Nouveau's motion was correctly denied, regardless of the sufficiency of the opposing papers, because it failed to make a prima facie showing that it either lacked notice of the condition of the elevator's doors, or that, as the elevator's exclusive maintenance contractor, it used reasonable care to discover and correct the dangerous condition (*see Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Even if Nouveau had met its prima facie burden, plaintiff raised triable issues of fact based on the evidentiary rule of res ipsa loquitur (*see Miller v Schindler El. Corp.*, 308 AD2d 312, 313 [1st Dept 2003]; *see also Smith v Moore*, 227 AD2d 854, 856 [3d Dept 1996], citing *Notice v Regent Hotel Corp.*, 76 AD2d 820, 820 [1st Dept 1980]).

We have considered Nouveau's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels and Webber, JJ.