■ MERCEDES PUELLO, Respondent, v THE GEORGES UNITS, LLC, et al., Appellants, and CITY OF NEW YORK, Respondent. [46 NYS3d 28]—

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered December 7, 2015, which granted defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims as against it, and denied the cross motion of defendants The Georges Units, LLC and Eilat Management (the owners) for summary judgment

dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

The City established its entitlement to judgment as a matter of law by submitting evidence, including plaintiff's testimony and photographs, showing that the defect upon which plaintiff tripped was not located on the corner pedestrian ramp, which the City is required to maintain, but on the sidewalk abutting the owners' property, which the owners were required to maintain (*see Gary v 101 Owners Corp.*, 89 AD3d 627 [1st Dept 2011]; *Ortiz v City of New York*, 67 AD3d 21, 27 [1st Dept 2009], *revd on other grounds* 14 NY3d 779 [2010]; Administrative Code of City of NY § 7-210 [a]).

The owners argue, based on certain construction standards and reference standards for curb ramps under the Americans with Disabilities Act of 1990, that the definition of a "pedestrian ramp" encompasses the landing area at the top of the ramp and the entire corner quadrant. However such a broad interpretation of the term is inconsistent with section 7-210 (a) of the Administrative Code, which expressly defines the sidewalk to include the "intersection quadrant for corner property" (*see also* Administrative Code §§ 19-152 [a]; 19-112). Nor was there evidence that the City affirmatively created the defect.

Supreme Court properly denied the owners' cross motion for summary judgment as untimely with respect to dismissal of plaintiff's claims as against them, because the cross motion was an improper cross motion with respect to plaintiff, the nonmovant, and the owners did not show good cause for the delay (*see Brill v City of New York*, 2 NY3d 648 [2004]; *Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). Furthermore, the cross motion, with respect to the City's cross claims as against the owners, was properly denied as academic in light of the granting of the City's motion. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.