Orea v NH Hotels USA (2020 NY Slip Op 05587)





Orea v NH Hotels USA


2020 NY Slip Op 05587


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 152367/13 Appeal No. 12009 Case No. 2019-4344 

[*1]Juan Carlos Orea, Plaintiff-Respondent,
v
NH Hotels USA, Inc., et al., Defendants, NH Jolly Madison Towers, et al., Defendants-Appellants-Respondents, Transel Elevator and Electric Inc., Doing Business as TEI Group., Defendant-Respondent-Appellant.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellants-respondents.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York (Patrick J. Lawless of counsel), for respondent-appellant.
The Altman Law Firm, Woodmere (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered April 18, 2019, which denied defendants NH Jolly Madison Towers and Jolly Hotels, USA, Inc.'s (the Jolly defendants) motion for summary judgment dismissing plaintiff's complaint against them, denied defendant Transel Elevator and Electric Inc., d/b/a TEI Group's (TEI) motion for summary judgment dismissing plaintiff's complaint as against it, granted TEI's motion to the extent of dismissing the Jolly defendants' cross-claim for contractual indemnification as against TEI, and denied TEI's motion seeking common-law indemnification from Jolly, unanimously affirmed, without costs.
The motion court properly determined that the Jolly defendants' cross motion to dismiss plaintiff's complaint against them was untimely, as plaintiff was a nonmovant and the Jolly defendants did not show good cause for the delay (see CPLR 3212[a]; Kershaw v Hospital for Special Surgery, 114 AD3d 75, 83, 88 [1st Dept 2013]; Puello v Georges Units, LLC, 146 AD3d 561, 562 [1st Dept 2017]).
The court also properly denied TEI's motion for summary judgment to dismiss plaintiff's complaint as against it, as disputed issues of material fact exist as to whether TEI, through the allegedly negligent course of its performance of inspection, maintenance, and repair work, launched a force or instrument of harm that ultimately caused the injury to plaintiff (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 139-140 [2002]). TEI's expert opined that the breakage of the elevator chains was not due to any service work performed by TEI. However, plaintiff's expert rebutted TEI's claim and opined that based on how the vertical reciprocating conveyor had jammed, TEI should have been alerted that it needed to examine the chains and sprockets when it repaired the elevator and replaced the chain master links the day before the accident occurred. TEI's employee observed that something had warped the chain master links. After the elevator had been taken out of service for over a month, TEI then placed the elevator back in service and the chains broke the following day. The conflicting affidavits of the parties' experts raise an issue of fact as to whether TEI was negligent in putting the elevator back in service (see Gleeson-Casey v Otis El. Co., 268 AD2d 406, 407 [2d Dept 2000]). A Department of Buildings investigator also provided testimony that the breakage in the chains would not have occurred if the elevator had been properly maintained, and that the defect probably had to do with service on the device.
TEI also failed to establish that plaintiff may not invoke the doctrine of res ipsa loquitur in this case. An elevator free fall does not ordinarily occur in the absence of negligence, and TEI has not established as a matter of law that plaintiff's own negligence caused this accident (see Kleinberg v City of New York, 61 AD3d 436, 438 [1st Dept 2009]; Ruiz-Hernandez v TPE NWI Gen., 106 AD3d 627, 628 [1st Dept 2013]). TEI was the only entity that provided maintenance, service and repair work for this elevator. The fact that both TEI and the Jolly defendants may have been in control of the elevator does not preclude the application of the doctrine (see Kleinberg at 438; Ruiz-Hernandez at 628).
The court properly dismissed the Jolly defendant's contractual indemnification cross claim. The prior contract between the Jolly defendants and TEI was for a five-year term and required that any additions thereto be made in writing (see Wood v Long Is. Pipe Supply, Inc., 82 AD3d 1088, 1089 [2d Dept 2011]).
TEI has not established its entitlement to common-law indemnification as a matter of law, as questions of fact exist concerning whether the Jolly defendants and
TEI were each guilty of negligence (see generally Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020