Wenzel v All City Remodeling, Inc. (2021 NY Slip Op 03674)





Wenzel v All City Remodeling, Inc.


2021 NY Slip Op 03674


Decided on June 10, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 10, 2021

Before: Manzanet-Daniels, J.P., Gische, Oing, Shulman, JJ. 


Index No. 155533/17 Appeal No. 14045 Case No. 2020-02853 

[*1]Ilonna Wenzel, Plaintiff-Respondent,
v
All City Remodeling, Inc., et al., Defendants, 217 E 88th & 212-234 E 89th LLC, Defendant-Appellant.


Brody, O'Connor & O'Connor, New York (Thomas S. Reilly of counsel), for appellant.
Law Office of Stephen H. Frankel, Garden City (Mellissa A. Lenowitz of counsel), for Ilonna Wenzel, respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about June 4, 2020, which, to the extent appealed from, denied 217 E 88th and 212-234 E 89th LLC's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The landlord failed to establish entitlement to judgment as a matter of law in this action where plaintiff's ceiling collapsed upon her while she was sleeping. The landlord failed to submit sufficient evidence showing that it neither created nor had actual or constructive notice of the hazardous condition (see Negroni v Langsam Prop. Servs. Corp., 124 AD3d 565, 565-566 [1st Dept 2015]). Plaintiff testified that she specifically notified the management company that her ceiling was "falling apart," and that she had a discussion in her bedroom with the super and a carpenter from the contractor doing renovation work on behalf of the landlord in the apartment above, during which she pointed out that dust was coming from her bedroom ceiling, and was told that the ceiling needed some work and repairs. Additionally, the building super and carpenter each testified that they observed multiple foot-long cracks in plaintiff's ceiling. The landlord submitted no evidence establishing that the area where they saw the cracks was distinguishable from the area which ultimately collapsed onto plaintiff.
In any event, plaintiff submitted sufficient evidence in opposition to raise a triable issue of fact, including an email in which she notified the building management that her ceiling was falling apart, and subsequent emails in which the renovation contractor informed management that cracks had formed in plaintiff's ceiling.
The landlord also failed to establish that the doctrine of res ipsa loquitur does not apply in this case. A ceiling collapse does not ordinarily occur in the absence of negligence, and the landlord has not established that plaintiff's own negligence caused this accident (see Lisbey v Pel Park Realty, 99 AD3d 637, 638 [1st Dept 2012]; Mejia v New York City Tr. Auth., 291 AD2d 225, 227 [1st Dept 2002]). The fact that both the landlord and the contractor may have controlled plaintiff's ceiling does not preclude application of the doctrine (see Orea v NH Hotels USA, Inc., 187 AD3d 476, 478 [1st Dept 2020]; Mejia at 227-228). Issues of fact exist as to its applicability (Lisbey at 638).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2021