Williams v Forward Realty Corp. (2021 NY Slip Op 05658)





Williams v Forward Realty Corp.


2021 NY Slip Op 05658


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 152386/13 Appeal No. 14363 Case No. 2020-03595 

[*1]Ulanda Williams, Plaintiff-Respondent,
v
Forward Realty Corp., Defendant-Appellant, Bar at 1140 2nd Ave., Inc., et al., Defendants. [and other actions]


Fitzpatrick & Hunt, Pagano, Aubert, LLP, New York (Brian W. Colistra of counsel), for appellant.
Finkelstein & Partners LLP, Newburgh (George A. Kohl, 2d of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about July 10, 2020, which, to the extent appealed from as limited by the briefs, denied defendant Forward Realty Corp.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The court properly determined that issues of fact exist as to whether Forward had constructive notice of a hazardous condition, an allegedly structurally unsound concrete sidewalk slab which also served as a vault roof. The photographic evidence and witness testimony raise issues of fact as to whether the sidewalk slab had visible and apparent signs of deterioration for months or years prior to the collapse, whether the deterioration was getting worse, and whether the deterioration was sufficient to have alerted Forward that the slab had structural problems (see generally Early v Hilton Hotels Corp., 73 AD3d 559, 560-561[1st Dept 2010]). Issues of fact were also raised by the experts' conflicting testimony as to whether the slab in question conformed to applicable Building Code requirements, and whether the deterioration caused the slab to be dangerous (see Riley v ISS Intl. Serv. Sys., 5 AD3d 754, 756 [2d Dept 2004]; Hanley v Affronti, 278 AD2d 868, 869 [4th Dept 2000]).
In any event, the court properly found that Forward failed to establish that the doctrine of res ipsa loquitur does not apply in this case. A sidewalk collapse is not the type of thing which ordinarily occurs in the absence of negligence. Forward also failed to show that it did not have exclusive control over the maintenance and repair of the sidewalk slab which collapsed (see Orea v NH Hotels USA, Inc., 187 AD3d 476, 478 [1st Dept 2020]). Finally, contrary to its contention, Forward did not demonstrate that, by choosing to stand on this sidewalk slab, plaintiff's own negligence caused it to collapse (see Wenzel v All City Remodeling, Inc., 195 AD3d 496, 497 [1st Dept 2021]; Orea at 478). Plaintiff's failure to specifically plead res ipsa loquitur does not bar her from invoking the doctrine where, as here, the facts warrant its application (see Ocasio v Dormitory Auth. of the State of N.Y., 159 AD3d 437, 438-439 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021