Gomez v Samaritan Daytop Vil., Inc. (2023 NY Slip Op 02458)

Gomez v Samaritan Daytop Vil., Inc.

2023 NY Slip Op 02458

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 27839/18E Appeal No. 208 Case No. 2022-03210 

[*1]Jonathan Gomez, Plaintiff-Appellant,
v
Samaritan Daytop Village, Inc., Defendant-Respondent.
Samaritan Daytop Village, Inc., Third-Party Plaintiff-Respondent,
v
Sera Security Services, LLC, Third-Party Defendant-Respondent.

Ginarte Gallardo Gonzalez & Winograd, LLP, New York (Timothy Norton of counsel), for appellant.
Black Marjieh & Sanford LLP, Elmsford (Diana Reynoso of counsel), for Samaritan Daytop Village, Inc., respondent.
Shaub Ahmuty Citrin & Spratt, LLP, Lake Success (Jonathan P. Shaub of counsel), for Sera Security Services, LLC, respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered May 2, 2022, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that he was injured on November 23, 2015, between 8 p.m. and 9 p.m., when he slipped on a defective step on an interior staircase at a building located at 373 East 154th Street in the Bronx, that was operated, managed and maintained by defendant Samaritan Daytop Village, Inc. since September 22, 2015. He asserts that he fell because of the decrepit condition of the staircase and the lack of illumination in the stairway. He testified that he was employed at the facility by its former operator and then by third-party defendant and used the stairs for a year before the accident and four times on the day of the accident, without incident. Plaintiff testified that he complained that the steps were loose, chipping and unstable and about the lack of adequate lighting in the building to the former operator of the facility.
Defendant failed to satisfy its initial burden of demonstrating that it did not create or have actual or constructive notice of the defective condition of the stairs, that the defect was not visible or apparent, and that a reasonable inspection would not have revealed that the stairs were loose (see Negroni v Langsam Prop. Servs. Corp., 124 AD3d 565, 565 [1st Dept 2015]; Williamson v Ogden Cap Props., LLC, 124 AD3d 537, 537 [1st Dept 2015]; Bolloli Waldman, Inc., 71 AD3d 618, 619 [2d Dept 2010]). "Constructive notice is generally found when the dangerous condition is visible and apparent, and exists for a sufficient period to afford a defendant an opportunity to discover and remedy the condition" that caused plaintiff's injury (Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). "A defendant demonstrates lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before plaintiff fell" (Ross, 86 AD3d at 421). Here, defendant failed to provide any such evidence. Other than an unsworn purported "inspection report" from five months prior to plaintiff's accident, defendant submitted no other evidence to establish when the staircase was last inspected prior to the accident. The only evidence concerning the condition of the stairs is from plaintiff, who testified that the stairs were unstable and poorly illuminated. Plaintiff's testimony is corroborated by a photograph that shows the hazardous condition of the stairs (see Conklin v 500-512 Seventh Ave., LP, LLC, 159 AD3d 451 [1st Dept 2018]). Thus, even if defendant had sustained its initial burden of establishing that it lacked actual or constructive notice of the condition of the stairway, plaintiff certainly raised issues of fact that [*2]would have rebutted such a showing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023