■ Mark Mancuso, Respondent, v J & Velco Co., L.P., et al., Appellants, et al., Defendants. [872 NYS2d 52]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 11, 2007, which, in an action for personal injuries sustained on premises owned by defendant Velco and operated as a restaurant by defendants Ray and Hocine either individually or as principals of defendant East 166 Rest., Inc., denied Velco's motion for summary judgment dismissing the complaint as against it and for summary judgment on its cross claims for contractual indemnification against East 166, Ray and Hocine, and denied Ray and Hocine's cross motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

In support of its claim that it is an out-of-possession landlord with no maintenance or repair obligations, Velco submits an unsigned lease between itself as landlord and defendants Ray and Hocine as tenant. While Ray and Hocine admit that they signed a lease, the latter asserts that he signed only on behalf of East 166, and the former asserts that he does not recognize the unsigned lease proffered by Velco or recall in what capacity he signed the lease that he did sign. Neither East 166's name nor its doing business as Grandma's Kitchen is noted anywhere on the unsigned lease. These circumstances raise triable issues of fact that preclude summary judgment in favor of Velco, including, with respect to the complaint, whether it agreed to keep the premises in good repair (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]; *Kreimer v Rockefeller Group*, 2 AD3d 407, 408 [2003]), and, with respect to its cross claims, exactly who its tenants are. The same circumstances also raise triable issues of fact that preclude summary judgment dismissing the complaint as against Ray and Hocine, including whether their alleged principal, defendant East 166, is the lessee of the premises. In this regard, we note that the unsigned lease is dated May 27, 2003, several months prior to the filing of East 166's certificate of incorporation on August 12, 2003. We also note Ray's testimony that he signed a lease in January or February 2003. Concur—Saxe, J.P., Friedman, Nardelli, Sweeny and DeGrasse, JJ.