Williamson v Ogden Cap Props., LLC (2015 NY Slip Op 00638)





Williamson v Ogden Cap Props., LLC


2015 NY Slip Op 00638


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Mazzarelli, J.P., Renwick, DeGrasse, Richter, Clark, JJ.


14049 304892/08

[*1] Gregory Williamson, Plaintiff-Respondent,
v
Ogden Cap Properties, LLC, et al., Defendants-Appellants.


Law Office of Gerard A. Falco, Harrison (Gerard A. Falco of counsel), for appellants.
Pollack Pollack Isaac & De Cicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered July 3, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to make a prima facie showing that they lacked constructive notice of the alleged defective mailbox panel, because it is undisputed that they never inspected the panel prior to plaintiff postal worker's accident. Defendants' alleged lack of a key to open the panel is not determinative, as they failed to show that a cursory inspection would not have disclosed the loose condition of the panel observed by plaintiff and the notice witness in the months prior to the accident.
Accordingly, the record presents an issue of fact as to whether defendants exercised reasonable care in maintaining the mailbox panel, and whether constructive notice may be imputed (see Stubbs v 350 E. Fordham Rd., LLC, 117 AD3d 642, 643-644 [1st Dept 2014]; see also Cohen v Interlaken Owners, 275 AD2d 235 [1st Dept 2000]). Soto v New Frontiers 2 Hope Hous. Dev. Fund Co., Inc. (118 AD3d 471 [1st Dept 2014]) is distinguishable because there, the defendants demonstrated that a reasonable inspection would not have revealed the defect. Defendants also failed to make a prima facie showing that their negligence was not a proximate cause of the accident (see Del Carmen Cuaya Coyotl v 2504 BPE Realty LLC, 114 AD3d 620 [1st Dept 2014]).
Even if defendants had met their prima facie burden, plaintiff's testimony, coupled with the notice witness's statement, raised an issue of fact as to whether the screws on the right side of the mailbox panel were missing or loose and whether the alleged defect existed for a sufficient [*2]period of time before the accident to enable defendants to discover and repair it (see Picaso v 345 E. 73 Owners Corp., 101 AD3d 511, 512 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK