Matias v New Yorker Hotel Mgt. Co., Inc. (2022 NY Slip Op 00507)





Matias v New Yorker Hotel Mgt. Co., Inc.


2022 NY Slip Op 00507


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 21241/17E Appeal No. 15179 Case No. 2021-02100 

[*1]Robert Matias, Plaintiff-Respondent,
v
New Yorker Hotel Mgt. Co., Inc., et al., Defendants-Appellants.
New Yorker Hotel Mgt. Co., Inc., et al., Third-Party Plaintiffs-Appellants,
v
Thirty-Fourth St. Diner, Inc., Third-Party Defendant-Respondent.


Koster, Brady & Nagler, LLP, New York (Louis E. Valvo of counsel), for appellants.
Dankner Milstein, P.C., New York (Jay W. Dankner and Alexander J. Wulwick, of counsel), for Robert Matias, respondent.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Nicole Boeckle of counsel), for Thirty-Fourth Street Diner, Inc., respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 1, 2020, which, insofar as appealed from, granted third-party defendant's (the Diner) motion for summary judgment dismissing the third-party complaint, denied defendants' motion for summary judgment on the third-party complaint, and denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the Diner's motion for summary judgment and grant defendants conditional summary judgment on their contractual indemnification claim against the Diner and summary judgment on their claim against the Diner for breach of the duty to procure insurance, and otherwise affirmed, without costs.
Plaintiff alleges that he slipped and fell on a wet floor after a waste or drain pipe six inches in diameter burst in the restaurant premises leased by the Diner from defendant/third-party plaintiff Holy Spirit Association for the Unification of the World Christianity (HSA).
Defendants argue that they had no duty to maintain the subject pipe, either under the lease between HSA and the Diner or through their conduct, and therefore had no consequent duty to plaintiff and cannot be held liable for his injuries. As a threshold matter, while they contend that defendant New Yorker Hotel Management Company, Inc. (the Hotel) leased its space from HSA, defendants did not submit a copy of the claimed lease. The only evidence of a landlord-tenant relationship between defendants is the Hotel's project engineer's testimony that it was his "understanding" that the Hotel leased the space from HSA. The absence of any primary or other competent evidence of defendants' relationship vitiates their arguments based on a supposed status as an out-of-possession landlord, and precludes summary dismissal of the complaint (see Mancuso v J & Velco Co., L.P., 58 AD3d 577 [1st Dept 2009]; Woods v Daniella Realty Corp., 15 AD3d 231 [1st Dept 2005]). This conclusion is further supported by evidence that HSA maintained an office in the building with an employee who was in charge of overseeing it.
Regardless of the lack of proof of its status as a tenant, there is ample evidence that the Hotel exercised significant control over the building, including the pipe. Indeed, it is undisputed that it was the Hotel that responded to the Diner's call about the leak and dispatched a plumbing company to rectify the situation. Since control over property is the touchstone of liability, the Hotel's substantial control over the pipe presents issues of fact as to its duty to maintain the pipe, and precludes summary dismissal of the complaint as against it (see Butler v Rafferty, 100 NY2d 265, 270 [2003]; Wayburn v Madison Land Ltd. Partnership, 282 AD2d 301, 303 [1st Dept 2001]).
The absence of evidence that the pipe was ever inspected, or that any provision for inspection was made, presents issues of fact as to constructive notice, precluding summary dismissal of the complaint (see [*2]Williamson v Ogden Cap Props., LLC, 124 AD3d 537 [1st Dept 2015]).
Defendants' reliance on provisions in the lease between HSA and the Diner that make the Diner responsible for at least some pipe maintenance or repair is unavailing. The interlocking repair provisions scattered throughout the lease make it unclear which party was primarily responsible for maintenance of the subject pipe. Moreover, issues of fact exist as to whether the pipe served as much as half of the 43-story building or only the Diner's leased premises. In any event, HSA reserved a right to enter the Diner's premises to make repairs. Coupled with other evidence that HSA was not an entirely out-of-possession landlord, this evidence presents issues of fact as to HSA's potential liability to plaintiff, notwithstanding the lease repair provisions (see Multiple Dwelling Law § 78[1]; Bonifacio v 910-930 S. Blvd., LLC, 295 AD2d 86, 88-89 [1st Dept 2002]).
The lease requires the Diner to maintain commercial general liability (CGL) insurance naming HSA as an additional insured. The insurance requirement saves the indemnification provisions of the lease from being void and unenforceable under General Obligations Law § 5-321, notwithstanding that the provisions might be construed to exempt HSA from liability for its own negligence (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419 [2006]). Since, as indicated, issues of fact exist as to their negligence and liability to plaintiff, defendants are presently entitled to conditional summary judgment on their contractual indemnification claim against the Diner (see Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]).
Defendants established their entitlement to summary judgment on their claim against the Diner for breach of its duty to procure insurance by producing a letter from the Diner's CGL insurer declining to cover them and stating that the Diner had failed to name them as additional insureds, as the lease required (see Diaz v City of New York, 5 AD3d 195, 195 [1st Dept 2004], lv dismissed 3 NY3d 702 [2004]). Contrary to the Diner's contentions, its duty to procure insurance is not limited to circumstances in which it is found to have breached its duty to maintain the subject pipe. The duty to procure insurance set forth in the lease is a broad directive to procure CGL insurance protecting HSA against claims for personal injury or property damages "occurring in or upon the demised premises." THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022