Cummins v Middaugh (2022 NY Slip Op 04453)

Cummins v Middaugh

2022 NY Slip Op 04453

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

322 CA 21-01082

[*1]ROBERT CUMMINS, PLAINTIFF-RESPONDENT-APPELLANT,
v
RICHARD MIDDAUGH, DEFENDANT-APPELLANT-RESPONDENT. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JILL L. YONKERS OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
LAW OFFICE OF ROBERT D. BERKUN, LLC, BUFFALO (MICHAEL C. LANCER OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 

 Appeal and cross appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered July 26, 2021. The order granted in part and denied in part the motion of defendant seeking, inter alia, summary judgment dismissing the complaint and the preclusion of certain photographs. 
It is hereby ORDERED that said cross appeal from the order insofar as it granted that part of the motion to preclude the introduction of certain photographs at trial is unanimously dismissed and the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when he slipped and fell "due to an unreasonable accumulation of moss, algae and/or other flora" on an exterior ramp at an apartment building owned by defendant. Defendant moved for summary judgment dismissing the complaint and for an order precluding plaintiff from introducing certain photographs at trial and imposing sanctions for spoliation. Defendant appeals from those parts of an order that denied his motion insofar as he seeks summary judgment dismissing the complaint on the ground that he lacked constructive notice of the allegedly dangerous condition and the ground that he was an out-of-possession landlord, and denied his request for sanctions for spoliation. Plaintiff cross-appeals from those parts of the order that granted defendant's motion insofar as defendant seeks summary judgment on the issue whether defendant created the allegedly dangerous condition and granted defendant's request to preclude plaintiff from introducing certain photographs at trial.
Defendant contends that Supreme Court erred in denying that part of his motion seeking summary judgment dismissing the complaint on the ground that he was an out-of-possession landlord and therefore was not liable for plaintiff's injuries. We reject that contention. "An
out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (Villareal v CJAM Assoc., LLC, 125 AD3d 644, 645 [2d Dept 2015]; see Balash v Melrod, 167 AD3d 1442, 1442 [4th Dept 2018]). In determining whether a landowner has relinquished control, we consider "the parties' course of conduct—including, but not limited to, the landowner's ability to access the premises—to determine whether the landowner in fact surrendered control over the property such that the landowner's duty is extinguished as a matter of law" (Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011], rearg denied 19 NY3d 856 [2012]). In support of his motion, defendant submitted his own deposition testimony in which he stated that he, his employees and his brother would check the exterior of the building on a daily basis. Defendant also stated in his deposition testimony, and his brother averred in his affidavit in support of the motion, that they would perform maintenance tasks to the exterior of the building. Thus, inasmuch as defendant's own evidentiary submissions create an issue of fact whether he relinquished control of the premises, [*2]defendant failed to establish that his status as an out-of-possession landlord absolves him of liability (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Contrary to defendant's further contention, we conclude that the documentary evidence submitted by defendant does not establish as a matter of law that he was not contractually obligated to maintain the ramp (see Rainey v Bonanno, 178 AD3d 1394, 1394-1395 [4th Dept 2019]; see generally Mancuso v J & Velco Co., L.P., 58 AD3d 577, 578 [1st Dept 2009]).
We reject defendant's contention that the court erred in denying his motion with respect to the issue whether he had constructive notice of the allegedly dangerous condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Even assuming, arguendo, that defendant met his initial burden on his motion with respect to constructive notice, plaintiff raised a triable issue of fact by submitting the affidavit of a tenant of the property, who averred that the allegedly dangerous condition was visible and apparent and had existed for over a month prior to the accident (see Knight v Sawyer, 306 AD2d 849, 849 [4th Dept 2003]).
With respect to plaintiff's cross appeal, we conclude that the cross appeal from the order insofar as it granted defendant's request to preclude the introduction of certain photographs at trial must be dismissed. " 'An evidentiary ruling made before trial is generally reviewable only in the context of an appeal from the judgment rendered after trial,' and thus no appeal lies from [those parts of] the order" (Crewell v Albany Med. Ctr. Hosp., 52 AD3d 1233, 1233 [4th Dept 2008]). In light of our determination, defendant's contention on appeal that the court erred in denying his request for sanctions for spoliation arising from plaintiff's failure to preserve evidence related to those photographs is academic.
We reject plaintiff's contention on his cross appeal that the court erred in granting that part of defendant's motion seeking summary judgment dismissing the complaint insofar as it alleged that defendant created the allegedly dangerous condition. It is well settled that where, as here, a defendant moves for summary judgment, a " 'court should not consider the merits of a new theory of recovery, raised for the first time in opposition to a motion for summary judgment, that was not pleaded in the complaint' as amplified by the bill of particulars" (Stewart v Dunkleman, 128 AD3d 1338, 1341 [4th Dept 2015], lv denied 26 NY3d 902 [2015]). Here, plaintiff did not allege in his complaint or in his bill of particulars that defendant created the allegedly dangerous condition, and thus the court did not err in granting that part of defendant's motion.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court