Smith v Marshall Farms Group, Ltd (2023 NY Slip Op 04055)

Smith v Marshall Farms Group, Ltd

2023 NY Slip Op 04055

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

517 CA 22-01705

[*1]NAKEISHA SMITH, PLAINTIFF-APPELLANT,
v
MARSHALL FARMS GROUP, LTD, INDIVIDUALLY AND DOING BUSINESS AS MARSHALL INGREDIENTS, MARSHALL PET PRODUCTS, LLC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

ROSENBERG LAW FIRM, BROOKLYN, NICHOLAS, PEROT, SMITH, WELCH & SMITH, LIVERPOOL (ERIC P. SMITH OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered April 29, 2022. The order granted those parts of the motion of defendants seeking summary judgment dismissing the complaint against defendants Marshall Farms Group, Ltd, individually and doing business as Marshall Ingredients, and Marshall Pet Products, LLC, and dismissed the complaint against those defendants. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant Marshall Pet Products, LLC, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this common-law negligence action seeking damages for injuries she sustained when her right hand was amputated while she was cleaning a machine. Plaintiff appeals from an order granting those parts of defendants' motion seeking summary judgment dismissing the complaint against defendants Marshall Farms Group, Ltd, individually and doing business as Marshall Ingredients (Marshall Farms), and Marshall Pet Products, LLC (MPP). In a prior order, Supreme Court found that plaintiff was a special employee of defendant Marshall Ingredients, LLC (Marshall Ingredients) at the time of the accident and therefore granted that part of defendants' motion for summary judgment dismissing the complaint against Marshall Ingredients.
We agree with plaintiff that the court erred in granting that part of defendants' motion with respect to MPP, and we therefore modify the order by denying the motion in part and reinstating the complaint against MPP. Marshall Ingredients operates its business manufacturing ingredients for food products at a facility (Facility) that has certain equipment, including a large metal cylinder dryer (Dryer) that had spinning blades at the top of it. The accident occurred while plaintiff was attempting to clean the Dryer. MPP, the parent company of Marshall Ingredients, owns the Facility and purchased the Dryer for Marshall Ingredients. In her complaint, plaintiff alleged that MPP was negligent in, inter alia, failing to include safety devices on the Dryer.
In granting defendants' motion with respect to MPP, the court concluded that MPP was an out-of-possession landlord who did not exercise any control of the Facility. That was error. "[A] landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (Gronski v County of Monroe, 18 NY3d 374, 379 [2011], rearg denied 19 NY3d 856 [2012]). "In determining whether a landowner has [*2]relinquished control, we consider 'the parties' course of conduct—including, but not limited to, the landowner's ability to access the premises—to determine whether the landowner in fact surrendered control over the property such that the landowner's duty is extinguished as a matter of law' " (Cummins v Middaugh, 207 AD3d 1133, 1134 [4th Dept 2022]). "Control is both a question of law and of fact" (Gronski, 18 NY3d at 379).
In support of their motion, defendants submitted evidence that MPP entered into lease and leaseback agreements with the Wayne County Industrial Development Agency (IDA) when the Facility was built. The lease agreement gave the IDA a leasehold interest in the land and the Facility. Under the leaseback agreement, the IDA leased the land and Facility back to MPP and approved the contemplated sublease to Marshall Ingredients to operate its business. Although defendants submitted the affidavit of the Chief Executive Officer of MPP, who averred that the course of conduct between MPP and Marshall Ingredients was consistent with the provisions of the leaseback agreement, there was no written sublease between MPP and Marshall Ingredients. The leaseback agreement, which included all equipment in the Facility, provided that MPP was responsible to maintain the facility. While the leaseback agreement further provided that Marshall Ingredients, as sublessee, "shall assume the obligations of [MPP] to the extent of the interest assigned or subleased," it also stated that MPP was not relieved of primary liability for its obligations notwithstanding the sublease. We conclude that the leaseback agreement does not establish as a matter of law that MPP relinquished its contractual obligation to maintain the Facility and repair unsafe conditions, and thus defendants failed to establish as a matter of law that MPP was an out-of-possession landlord with no duty to maintain the Facility (see Cummins, 207 AD3d at 1134; Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545 [2d Dept 2018]; see generally Gronski, 18 NY3d at 379; Wagner v Waterman Estates, LLC, 128 AD3d 1504, 1506 [4th Dept 2015]).
The court further agreed with defendants that MPP was not liable for plaintiff's injuries because it did not have control over the manner in which plaintiff performed her work. "It is settled law that where the alleged defect or dangerous condition arises from [the employer's] methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law" (Lombardi v Stout, 80 NY2d 290, 295 [1992]; see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670 [2d Dept 2018]; Anderson v National Grid USA Serv. Co., 166 AD3d 1513, 1513-1514 [4th Dept 2018]). Where, however, the accident is a result of a dangerous condition of the premises or allegedly defective equipment, the owner must show that it did not create or have actual or constructive notice of the dangerous condition (see Breau v Burdick, 166 AD3d 1545, 1547 [4th Dept 2018]; Sochan v Mueller, 162 AD3d 1621, 1625 [4th Dept 2018]; Ferguson v Hanson Aggregates N.Y., Inc., 103 AD3d 1174, 1175 [4th Dept 2013]). Contrary to defendants' contention, this is not a case involving only the employer's methods; both standards are implicated here. Plaintiff alleged that the Dryer constituted a dangerous condition because it lacked adequate safeguards, and MPP failed to establish as a matter of law that it did not have actual or constructive notice of the allegedly defective Dryer (see Breau, 166 AD3d at 1548; see also Washington-Fraser, 164 AD3d at 545).
Plaintiff next contends that the court erred in granting the motion insofar as it sought summary judgment with respect to Marshall Farms because the motion was premature. We reject that contention. When defendants moved for summary judgment, plaintiff objected in part on the ground that the motion was premature. The court deferred decision on the motion with respect to MPP and Marshall Farms and allowed plaintiff to conduct further discovery, which she did. Plaintiff fails to identify what else she would seek in discovery to oppose the motion with respect to Marshall Farms. "Mere hope that somehow the [nonmovant] will uncover evidence that will [help its] case provides no basis . . . for postponing a determination of a summary judgment motion" (Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C., 175 AD3d 1836, 1837 [4th Dept 2019] [internal quotation marks omitted]; see Weydman Elec., Inc. v Joint Schs. Constr. Bd., 140 AD3d 1605, 1607 [4th Dept 2016]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court