## Lam Pearl St. Hotel, LLC v Anthony T. Rinaldi, LLC

2025 NY Slip Op 30191(U)

January 16, 2025

Supreme Court, New York County

Docket Number: Index No. 159507/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**      PART      **33M**

                   *Justice*

------------------------------------------------------------------------X

LAM PEARL STREET HOTEL, LLC,ENDURANCE AMERICAN INSURANCE COMPANY, AS SUBROGEE OF LAM PEARL STREET HOTEL, LLC AND REAL HOSPITALITY GROUP, LLC,

                     Plaintiff,

            - v -

ANTHONY T. RINALDI, LLC,THE RINALDI GROUP, LLC,MAIN ELECTRICAL SERVICES, INC,

                     Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159507/2021 |
| MOTION DATE | 02/28/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 98, 99

were read on this motion to/for         PARTIAL SUMMARY JUDGMENT     .

Upon the foregoing documents, and after oral argument, which took place on September 10, 2024, where Glenn Mattar, Esq. appeared for Plaintiffs Lam Pearl Street Hotel, LLC ("Lam Pearl") and Endurance American Insurance Company, as subrogee of Lam Pearl Street Hotel, LLC and Real Hospitality Group, LLC (collectively "Plaintiffs"), Susan Mahon, Esq. appeared for Defendants Anthony T. Rinaldi, LLC and the Rinaldi Group, LLC (collectively "Rinaldi Defendants"), and Larry H. Lum, Esq. appeared for Defendant Main Electrical Services, Inc. ("Main Electrical"), the Rinaldi Defendants' motion for partial summary judgment dismissing Plaintiff's negligence and gross negligence claims, and seeking summary judgment on its crossclaims against Main Electrical for contractual indemnification and failure to procure insurance is granted in part and denied in part.

## I.    Background

For a more thorough recitation of the facts, the reader is referred to this Court's Decision and Order on motion sequence 003. In this motion, the Rinaldi Defendants seek partial summary judgment dismissing Plaintiffs' negligence and gross negligence claims. The Rinaldi Defendants argue that since they entered a contract to perform construction services with Lam Pearl, Plaintiffs' remedy lies solely in breach of contract. The Rinaldi Defendants also rely on an indemnification clause in the subcontract it executed with Main Electrical to seek summary judgment on their contractual indemnification cross claims against Main Electrical. Finally, the Rinaldi Defendants argue that they are entitled to their failure to procure insurance claim against Main Electrical.

## II.    Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B.  Plaintiffs' Negligence and Gross Negligence Claims

The Rinaldi Defendants' motion seeking dismissal of Plaintiffs' negligence and gross negligence claims is denied. The Court of Appeals has identified cases such as this one as "borderland situations…where the parties' relationship initially is formed by contract, but there is

**159507/2021   LAM PEARL STREET HOTEL, LLC ET AL vs. ANTHONY T. RINALDI, LLC ET AL**          **Page 2 of 5**
Motion No.  004

2 of 5

a claim that the contract was performed negligently." (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]). The *Sommer* Court held that where a party seeks not the benefit of its contractual bargain, but the recovery of damages for some "abrupt, cataclysmic occurrence" that spread out of control, a party can assert both tort and contract claims. Here, the water damage flowed through large parts of the building, damaging many rooms and putting elevators out of service. The water damage was not part of a small and undetected leak, it was abrupt and cataclysmic (*see also Bellevue South Associates v HRH Construction Corp.*, 78 NY2d 282 [1991]; *New York University v Turner Const. Co.*, 206 AD3d 536 [1st Dept 2022]). Therefore, this branch of the Rinaldi Defendants' motion is denied.

### C. Contractual Indemnification and Failure to Procure Insurance

The branch of the Rinaldi Defendants' motion for summary judgment on their crossclaims for contractual indemnification and failure to procure insurance is granted. The indemnification clause at issue, found in the Rider to the subcontract agreement between Main Electrical and the Rinaldi Defendants (NYSCEF Doc. 71) reads as follows:

> "To the fullest extent permitted by law, the Subcontractor shall defend, indemnify and hold harmless the Owner, Anthony T. Rinaldi LLC d/b/a The Rinaldi Group and all other additional insureds....from and against any and all claims, losses, costs, injuries, damages and expenses...brought or assumed against any of the Indemnitees by any person or firm, arising out of or in connection with or as a result of consequence of the performance of the Work of the Subcontractor....but only to the extent contributed to by the acts or omissions of the Subcontractors...".

Here, the indemnification clause is clear and not void as against public policy. Therefore, it must be enforced according to its terms. The Rinaldi Defendants are entitled to a summary judgment on their contractual indemnification claims, conditioned on an apportionment of negligence against Main Electric by the fact finder at the time of trial (*Matias v New Yorker Hotel Management Co., Inc.*, 201 AD3d 592 [1st Dept 2022]; *Herrero v 2146 Nostrand Ave. Associates,*

**159507/2021  LAM PEARL STREET HOTEL, LLC ET AL vs. ANTHONY T. RINALDI, LLC ET AL**    **Page 3 of 5**
**Motion No.  004**

3 of 5

[* 3]

*LLC*, 193 AD3d 421 [1st Dept 2021]). Whether the Rinaldi Defendants may also be found negligent does not preclude granting them conditional contractual indemnification since the indemnification clause only requires indemnification to the extent Main Electrical is found negligent.

The breach of contract for failure to procure insurance claim is likewise granted. It is undisputed that pursuant to the subcontractor agreement, Main Electrical was required to procure sufficient insurance to cover any loss that may arise in connection with Main Electrical's work at the Building (NYSCEF Doc. 71). The work explicitly included plumbing, sprinkler, and standpipe work. Nonetheless, Main Electrical obtained a policy with a fire suppression system exclusion, which according to Main Electrical's carrier, excludes coverage for water damage flowing from a fire sprinkler (NYSCEF Doc. 78). Because Main Electrical was contractually obligated to ensure it was insured against risks associated with its plumbing and sprinkler work but obtained a liability policy with a fire suppression system exclusion, it breached its contractual obligations to procure adequate insurance. That Main Electrical relied on a broker to procure insurance and was not aware of issues with the scope of coverage until its insurer disclaimed coverage may give rise to a cause of action against the broker but does not raise an issue of fact as to whether it satisfied its contractual obligations. Simply put, obtaining a liability policy with a fire suppression system exclusion to guard against risks, including water damage, associated with conducting work on building fire sprinklers, does not meet a subcontractor's obligation to procure and maintain adequate insurance.

Accordingly, it is hereby,

ORDERED that the Rinaldi Defendants' motion for summary judgment is granted in part and denied in part; and it is further

159507/2021   LAM PEARL STREET HOTEL, LLC ET AL vs. ANTHONY T. RINALDI, LLC ET AL          Page 4 of 5
Motion No.  004

[* 4]                                                                 4 of 5

NYSCEF DOC. NO. 102

ORDERED that the Rinaldi Defendants' motion for summary judgment seeking dismissal of Plaintiffs' negligence and gross negligence claims is denied; and it is further

ORDERED that the Rinaldi Defendants are granted summary judgment on their contractual indemnification crossclaim against Defendant Main Electrical, conditioned on a finding of negligence against Main Electrical; and it is further

ORDERED that the Rinaldi Defendants are granted summary judgment on their cross claim for breach of contract for failure to procure insurance against Defendant Main Electrical, with damages to be determined at the time of trial; and it is further

ORDERED that within ten days of entry, counsel for the Rinaldi Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/16/2025 | | | | *Mary V Rosado* JSC |
|-----------|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |